Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, & Johnson, P.C.
2999 Douglas Blvd., Ste. 111
Roseville, CA 95661
916-290-7778 ph
916-282-0771 fax

Attorney for Plaintiff
Jackie Abston

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| Jackie Abston<br><br>            Plaintiff,<br><br>    v.<br><br>Experian Information Solutions, Inc.;<br>Equifax Information Services, LLC<br><br>            Defendants. | CASE NO. 8:24-cv-02089<br><br>COMPLAINT FOR DAMAGES:<br>  1. Violation of Fair Credit Reporting Act; |

COMES NOW Plaintiff Jackie Abston (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

## **INTRODUCTION**

1. This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), 15 U.S.C. § 1681e(b), 15 U.S.C. § 1681i(a)(2)(A)), 15 U.S.C. § 1681i(a)(4)), and 15 U.S.C. §1681i(a)(5)(A)).

2. Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate, misleading, or incomplete reporting of Plaintiff's vehicle loan with Heritage Credit Union (hereinafter "HCU").

3. Here, HCU reported inaccurate and misleading account information to Experian and Equifax, giving the false impression that Plaintiff was not, and is not, making timely payments on her reaffirmed vehicle loan with HCU.

4. HCU had actual knowledge of Plaintiff's timely payments yet failed to report receipt of those payments to Experian and Equifax.

5. Instead of accurately reporting the status and history of the account after approval of the reaffirmation agreement, however, HCU continued to report incomplete information regarding Plaintiff's timely payments.

6. In addition, HCU continued to report the account as included in bankruptcy despite the account not being included in any bankruptcy proceeding but instead reaffirmed.

7. Specifically, HCU never updated the consumer information indicator to an "R" under Metro 2 to reflect the account as reaffirmed rather than discharged.

8. HCU's incomplete and inaccurate reporting of the account status and payment history continues to this day.

9. Such reporting is wholly inaccurate, misleading, and adversely impacts Plaintiff's credit worthiness.

10. Plaintiff's credit score has been adversely impacted by the reporting; she has been unable to rebuild her credit score and obtain favorable interest rates as a result of the reporting.

11. Third parties have been exposed to the inaccurate tradelines.

12. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.

## JURISDICTION & VENUE

13. Plaintiff re-alleges and incorporates herein by reference the allegations in each and every paragraph above, fully set forth herein.
14. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681.
15. The venue is proper pursuant to 28 U.S.C. §1391(b)(1).

## GENERAL ALLEGATIONS

16. Plaintiff alleges that all actions alleged herein by Defendants were done knowingly, intentionally, and in reckless disregard for accurate credit reporting in an attempt to purposefully undermine Plaintiff's attempt to improve her FICO Score.
17. In the alternative Plaintiff alleges that each and every Defendant's actions was the result of reckless policies and procedures that inevitably led to inaccurate, misleading, or incomplete credit reporting.

### FICO, Inc.

18. FICO is a leading analytics software company with its principal headquarters located in Montana.
19. FICO has over 130 patents related to their analytics and decision management technology, and regularly uses mathematical algorithms to predict consumer behavior including credit risk.
20. The FICO Score has become the standard measure of consumer credit risk in the United States and is used in ninety percent of lending decisions.
21. A FICO score consists of a three-digit number summarizing a consumer's credit risk or likelihood to repay a loan.
22. FICO periodically updates its scoring models resulting in multiple FICO Score versions.
23. Base FICO Scores range from 300 to 850, while industry-specific FICO Scores range from 250-900.

24. A higher FICO Score demonstrates lower credit risk or less likelihood of default.

25. Different lenders use different versions of FICO Scores when evaluating a consumer's credit worthiness.

26. There are 28 FICO Scores that are commonly used by lenders.

27. A consumer's FICO Score is calculated based solely on information in consumer credit reports maintained at credit reporting agencies (CRAs).

28. The three largest CRAs are Experian Information Solutions, Inc.; Equifax, Information Services, LLC, and Transunion, LLC.

29. FICO does not control what information is provided in a consumer's credit report.

30. Instead, the scoring models or algorithms are based on the premise that information provided by the CRAs is accurate and complies with credit reporting industry standards.

31. There are five key factors that a FICO Score considers: 1) Payment History 2) Amount of Debt 3) Length of Credit History 4) New Credit and 5) Credit Mix.

32. Each of the five factors is weighed differently by FICO.

33. 35% of a consumer's FICO Score relates to payment history, 30% relates to the amount of debt, 15% relates to the length of credit history, 10% relates to new credit, and the last 10% relates to a consumer's credit mix or the different types of debts reported.

34. Payment history refers to whether a consumer has paid their bills in the past, on time, late or missed payments.

35. The more severe, recent, and frequent the late payment information, the greater the impact on a FICO Score.

36. In factoring the severity of delinquent payments, a FICO Score considers how late the payment continues to be, how much is owed, how recently they occurred, and how many delinquent accounts exist.

37. Once a delinquent account has been remedied the longer the account stays current the more a consumer's FICO Score should increase.

38. FICO Scores are entirely dependent upon information provided by data furnishers (DFs) to CRAs.

### Consumer Information Indicator

39. The consumer information indicator or CII indicates a special condition that applies to the specific consumer.

40. The CII "E" means discharged through Chapter 7

41. The CII "R" means Chapter 7 reaffirmation of debt or the debt was not included/discharged in a consumer's bankruptcy.

42. Failure to update the CII to "R" results in a major derogatory being associated with the trade line at issue rather than a positive trade line.

43. Such reporting dramatically impacts a consumer's credit worthiness if the CII is improperly reported, such as the case with HCU.

### Plaintiff's Credit Report / Dispute

44. In August of 2023 Plaintiff ordered credit reports from Experian, Equifax Information Services, and TransUnion LLC to ensure proper reporting by Plaintiff's creditors.

45. Plaintiff noticed a delinquent and or adverse trade line on her August 2023 credit reports where HCU reported Plaintiff's payment history as incomplete and indicated that the account was included/discharged through bankruptcy.

46. In response, Plaintiff disputed the inaccurate HCU account with Experian, Equifax, and TransUnion in August of 2023.

47. In support of her dispute Plaintiff included her payment history to verify to Experian, Equifax, and TransUnion that she was making (and had made) timely payments to HCU and that the account was not closed.

48. Plaintiff believes that Experian, Equifax, and TransUnion received Plaintiff's August 2023 dispute and forwarded the dispute to HCU.

49. After the statutory timeframe passed, Plaintiff ordered another credit report in October of 2023 to verify that the HCU account was updated to reflect timely payments and indicate the account was open and current.

50. However, HCU did not perform any updates to the respective tradelines.

**Inaccuracy – HCU**

51. HCU transmitted inaccurate, misleading, and incomplete information to Experian and Equifax regarding Plaintiff's payment history and account status

52. Rather than update the payment history, HCU continued to report that Plaintiff's payment history was incomplete – implying that Plaintiff was not making her timely mortgage payments.

53. HCU reported this inaccurate information despite Plaintiff making timely payments on the account and HCU processing those payments.

54. HCU continued this inaccurate and incomplete reporting despite continuing to accept Plaintiff's monthly payments and after it became aware of Plaintiff's disputes.

55. HCU also continues to report the account as closed and included in bankruptcy despite the account still remaining open and it not being included/discharged through the bankruptcy process.

56. HCU's reporting is inaccurate and incomplete because it fails to indicate that Plaintiff maintained timely and current payments on the account and instead makes it appear that Plaintiff has failed to keep the account in good standing.

**Willfulness**

57. HCU had actual knowledge of Plaintiff's timely payments and status of the account yet failed to update the payment history or other critical account information.

58. Such reporting was not the result of accident but instead a deliberate attempt to undermine Plaintiff's ability to repair her credit.

59. HCU's inaccurate and incomplete reporting is a deliberate attempt to undermine Plaintiff's ability to restore her credit and maintain a high credit score.

**Damages**

60. As a result of the incorrect reporting, Plaintiff has suffered economic loss, diminished credit, and emotional harm.

61. Plaintiff has experienced frustration and anxiety given that Plaintiff maintained timely payments to HCU in an effort to rebuild her credit.

62. In addition, Plaintiff's fresh start has been irreparably harmed and continues to be harmed by HCU's reporting as that reporting has been disclosed and disseminated to various third-party lenders.

63. Until HCU's reporting has been properly updated Plaintiff continues to appear a severe credit risk.

64. Plaintiff has only been offered extremely high interest loans and credit cards as a result of the inaccuracies that appear in her credit report.

65. The actions of Experian and Equifax as alleged herein are acts in violation of the Fair Credit Reporting Act.

**FIRST CAUSE OF ACTION**
(Violation of Fair Credit Reporting Act 15 U.S.C. § 1681e(b))
Against Defendants)

**Experian and Equifax – Failure to Assure Credit Reporting Accuracy.**

66. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

67. Experian and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

68. Had Experian and Equifax maintained reasonable procedures to assure maximum accuracy Experian and Equifax would never have allowed HCU to report the account as described herein.

69. As a result of Experian and Equifax's violation of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: diminished credit, denial of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

70. Experian and Equifax allowed the inaccurate information reported by HCU to be transmitted to various third-party lenders, further damaging Plaintiff's credit.

71. The violations described herein by Experian and Equifax were willful, specifically Experian and Equifax have intentionally and purposefully set up a system where inaccuracies are not only probable but inevitable.

72. Instead of correcting HCU's inaccurate reporting Experian and Equifax allowed the inaccurate and misleading information to continue to be reported and disseminated to third parties.

### Willfulness

73. Consequently, Experian and Equifax are liable for punitive damages in an amount to be determines by the Court pursuant to 15 U.S.C. § 1681n.

74. In the alternative Experian and Equifax were at least negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

75. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

### SECOND CAUSE OF ACTION
(Violation of Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b))
Against Defendants)

**Experian and Equifax – Failure to Reinvestigate Disputed Information.**

76. Plaintiff re-alleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

77. After Plaintiff disputed the account mentioned above, Experian and Equifax were required to conduct a reasonable investigation and to delete any information that was not accurate under 15 U.S.C. § 1681i-(a)1.

78. Experian and Equifax failed to conduct a reasonable investigation and failed to correct the misleading and/or inaccurate statements on the account within the statutory time frame or at all.

79. Experian and Equifax could not have possibly done any type of reasonable investigation into this matter as Plaintiff explicitly provided information regarding payment of the loan and included verification of the timely payments made.

80. Similarly, Plaintiff explained that the HCU account was timely paid, not discharged in bankruptcy and open/current.

81. Plaintiff alleges that Experian and Equifax both have its own independent duty to conduct a reasonable investigation 15 U.S.C. § 1681i-(a)1.

82. Experian and Equifax are not passive entities bound to report whatever information a DF provides.

83. Given the aforementioned, Plaintiff allege that Experian and Equifax can and do suppress inaccurate information from being reported when DFs provide inaccurate information.

84. Experian and Equifax can and do instruct DFs on how to properly report certain accounts from time to time upon request from the DF.

85. Experian and Equifax failed to conduct a reasonable investigation because any basic investigation would have included a review of Plaintiff's dispute letters.

86. Experian and Equifax therefore did not do the most basic investigation regarding credit reporting industry standards otherwise the aforementioned would have been uncovered.

87. Experian and Equifax intentionally, willfully or with reckless disregard for Plaintiff's accuracy did no investigation whatsoever given that Experian and Equifax's general policy is to simply parrot whatever information a data furnisher sends.

88. Such policies and procedures inherently lead to inaccurate information being reported and therefore such an investigation is wholly unreasonably and reckless i.e. willful.

### THIRD CAUSE OF ACTION
(Violation of Fair Credit Reporting Act 15 U.S.C. § 1681i(a)(4))
Against Defendants Experian and Equifax)

**Experian and Equifax – Failure to Review and Consider All Relevant Information.**

89. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

90. Experian and Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

91. As a result of Experian and Equifax's violation of 15 U.S.C. § 1681i(a)(4), Plaintiff suffered actual damages, including but not limited to, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

92. The violations by Experian and Equifax were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

93. In the alternative Experian and Equifax were negligent, which entitle Plaintiff to recovery under 15 U.S.C. § 1681o.

94. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## FOURTH CAUSE OF ACTION
(Violation of Fair Credit Reporting Act 15 U.S.C. § 1681i(a)(5)(A))
Against Defendants Experian and Equifax)

**Experian and Equifax, – Failure to Delete Disputed and Inaccurate Information.**

95. Plaintiff re-alleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

96. Experian and Equifax violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

97. As a result of Experian and Equifax's violation of 15 U.S.C. § 1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

98. The violations by Experian and Equifax were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

99. In the alternative, Experian and Equifax were negligent, which entitle Plaintiff to recovery under 15 U.S.C. § 1681o.

100. Plaintiff are entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. Award statutory and actual damages pursuant to 15 U.S.C. § 1681n;
2. Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n;
3. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o;
4. For determination by the Court that Defendants and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and
5. For determination by the Court that Defendants policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o.

Dated: September 26, 2024

Gale, Angelo, & Johnson, P.C.
*/s/ Joe Angelo*
Joe Angelo
Attorney for Plaintiff